UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER GABBARD and
TRACY GABBARD,

    Plaintiffs,
v.                                                Case No. 8:22-cv-384-TPB-AAS

ELECTRIC INSURANCE COMPANY,

    Defendants.
_____/

**ORDER**

Defendant Electric Insurance Company moves to compel Plaintiffs Christopher Gabbard and Tracy Gabbard to produce better answers to three interrogatories. (Doc. 23). Defendant's motion to compel is **GRANTED.**

**I.    BACKGROUND**

On January 5th, 2022 and January 15, 2022, Plaintiffs, alleging damages stemming from a car accident occurring on September 4, 2020, filed three separate lawsuits against Defendant in Florida state court. *See* (Doc. 1, Ex. 1, p. 3); *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-385-TPB-AAS, Doc. 1, Ex. 1, p. 3; *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-386-TPB-AAS, Doc. 1, Ex. 5, p. 3. Defendant removed each case to federal court. *See* (Doc. 1); *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-385-TPB-AAS, Doc. 1; *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-

1

386-TPB-AAS, Doc. 1. The court entered case management orders, setting discovery deadlines of August 4, 2023. *See* (Doc. 22); *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-385-TPB-AAS, Doc. 17; *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-386-TPB-AAS, Doc. 22. Thereafter, the court consolidated the three cases because the operative facts shared between the three cases presented "essentially the same dispute." *See* (Doc. 17); *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-385-TPB-AAS, Doc. 18; *Gabbard v. Elec. Ins. Co.*, No. 8:22-cv-386-TPB-AAS, Doc. 23.

Defendant now moves to compel Plaintiffs to produce better answers to three interrogatories. (Doc. 23). Plaintiffs did not respond to Defendant's motion and the deadline to respond has passed. *See* Local Rule 3.01(c), M.D. Fla.[1] A July 6, 2022 order cautioned Plaintiffs that their failure to respond would result in the court treating the motion as unopposed. (Doc. 24).

## II.   LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

---

[1]"If a party fails to timely respond, the motion is subject to treatment as unopposed." Local Rule 3.01(c), M.D. Fla.

2

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

Defendant moves to compel Plaintiffs to produce better answers to three interrogatories. The court will examine each interrogatory in turn.

1. **Interrogatory 13**

Defendant's Interrogatory 13 and Plaintiffs' response is as follows:

> **Interrogatory 13:** Do you contend that you have lost any income, benefits or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits or earning capacity and the amount and the method that you used in computing the amount.
>
> **Christopher Gabbard Answer:** No, Plaintiff is not making a claim for lost wages.
>
> **Tracy Gabbard Answer:** No, Plaintiff is not making a claim for lost wages.

These interrogatory responses are incomplete and plainly deficient. That

Plaintiffs are not pursuing a lost wages claim does not explain whether and to what extent Plaintiffs claim they lost past or future income, benefits, or earning capacity because of injuries they allege to have suffered as a result of the accident at center in dispute. This information is relevant and proportional to the needs of this action. Therefore, the Motion to Compel is **GRANTED** as to Interrogatory 13.

### 2. Interrogatory 25

Defendant's Interrogatory 25 and Plaintiffs' response is as follows:

**Interrogatory 25:** Did you have health insurance in effect at the time of the subject accident or at any time since the subject accident? If your answer is yes, please state the name and address of the insurance company, your policy number and, group number.

**Christopher Gabbard Answer:** Yes, I did have health insurance at the time of the accident. However, I do not recall the name of the insurance company.

**Tracy Gabbard Answer:** Yes, I did have health insurance at the time of the accident. However, I do not recall the name of the insurance company.

These interrogatory responses are incomplete and plainly deficient. To comply with the obligation to respond to interrogatories under the local discovery rules, both the party and attorney must conduct "a reasonable inquiry, including a review of documents likely to have information necessary to respond to interrogatories." Middle District Discovery (2021) at IV(B)(3)(b).  Plaintiffs have not established they conducted a reasonable inquiry into what insurance

4

company Plaintiffs utilized less than two years ago. This information is relevant and proportional to the needs of this action. Therefore, the Motion to Compel is **GRANTED** as to Interrogatory 25.

### 3. Interrogatory 16

Defendant's Interrogatory 16, directed specifically to Christopher Gabbard, and Christopher Gabbard's response is as follows:

> **Interrogatory 13:** List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.
>
> **Christopher Gabbard Answer:** To the best of my recollection, I have treated with the following medical providers/facilities in the past ten (10) years: . . . . . Foot Doctor Trinity, FL

This interrogatory response is incomplete and plainly deficient. To comply with the obligation to respond to interrogatories under the local discovery rules, both the party and attorney must conduct "a reasonable inquiry, including a review of documents likely to have information necessary to respond to interrogatories." Middle District Discovery (2021) at IV(B)(3)(b). Plaintiffs have not established they conducted a reasonable inquiry into what foot doctor Christopher Gabbard visited. This information is relevant and proportional to the needs of this action. Therefore, the Motion to Compel is **GRANTED** as to Interrogatory 16.

## IV.    CONCLUSION

Defendant's Motion to Compel Better Responses (Doc. 23) is **GRANTED**. Plaintiffs must provide Defendant with more complete answers to Defendant's Interrogatories 13, 16, and 25 by **September 9, 2022**. Counsel must confer and attempt to agree on the reasonable amount of attorney's fees and costs incurred in relation to this motion. If counsel cannot agree, Defendant may move for the amount sought, with supporting documentation.

**ORDERED** in Tampa, Florida on August 11, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge